UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 99-6822

JAMES A. BIGGINS,

Plaintiff - Appellant,

versus

MARYLAND DISTRICT COURT #2-3 D.C.; WICOMICO
COUNTY DETENTION CENTER,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CA-
99-476-PJM)

Submitted:  September 9, 1999       Decided:  September 15, 1999

Before ERVIN, WILKINS, and HAMILTON, Circuit Judges.

Dismissed by unpublished per curiam opinion.

James A. Biggins, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James Biggins seeks to appeal the district court's order dismissing his 42 U.S.C.A. § 1983 (West Supp. 1999) claim.  We dismiss the appeal for lack of jurisdiction because Biggins' notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  This appeal period is "mandatory and jurisdictional."  Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on March 5, 1999.[1]  Biggins' notice of appeal was filed on May 28, 1999.[2]  Because Biggins failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss

---

[1] Although the district court's order is marked as "filed" on March 4, 1999, the district court's records show that the order was entered on the docket sheet on March 5, 1999.  Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision.  See Wilson v. Murray, 806 F.2d 1243-35 (4th Cir. 1986).

[2] Under Houston v. Lack, 487 U.S. 266 (1988), the notice is considered filed as of the date Appellant delivered it to prison officials for forwarding to the court.

the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED